UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HELIX ELECTRIC, INC.,

        Plaintiff,

    v.

DIVISION OF LABOR STANDARDS ENFORCEMENT, a agency of the State of California, et al.,

        Defendants.

NO. CIV. S-05-2303 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Public Works Compliance Program's ("PWCP") motion for reconsideration of the court's decision granting plaintiff Helix Electric, Inc. ("Helix") a temporary restraining order ("TRO") without imposition of a bond.[1]  The instant motion is filed pursuant to the parties' stipulation, of December 2, 2005, agreeing to continue the TRO and hearing on the motion for preliminary

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

1

1  injunction to January 27, 2005.  (Stip. & Order, filed Dec. 2,
2  2005.)
3     The PWCP argues that the court must require the filing of a
4  bond because the case involves application of the Norris-
5  LaGuardia Act (the "Act") in that, by Helix's own allegations,
6  the PWCP is a "person participating or interested" in a "labor
7  dispute" as defined by the Act.  See 29 U.S.C. § 113.  Where such
8  a dispute is present, argues the PWCP, Section 107 of the Act
9  requires a bond upon issuance of a TRO.  29 U.S.C. § 107 ("no
10 [TRO] . . . shall be issued except on condition that complainant
11 shall first file an undertaking with adequate security in an
12 amount to be fixed by the court sufficient to recompense those
13 enjoined for any loss").  Helix opposes the motion on standing
14 grounds and on the merits.
15    The court agrees that the PWCP does not have standing under
16 the Act to challenge the imposition of the TRO, and as such, it
17 does not reach the question of the substantive application of the
18 Act to this case.  Under the TRO, "defendants" are restrained
19 from "[p]roviding the addresses of Helix's employees to PWCP or
20 any related entity pursuant to Labor Code section 1776(e)."
21 (TRO, filed Nov. 22, 2005, at 2:9-14.)  The court recognizes that
22 the TRO references "defendants" generally but the terms of the
23 order clearly pertain only to the defendant County of Sacramento
24 or any other related-defendant entity/person which is authorized
25 by statute to release the subject information.  In that regard,
26 Helix indicates, in its opposition to the instant motion, that to
27 the extent the PWCP has been named in the TRO, it "can be
28 stricken as an unnecessary party" because the relevant

1  information has not yet been released to it.  (Opp'n, filed Dec.
2  8, 2005, n. 1.) (TRO, filed Nov. 22, 2005.)
3       Helix is correct.  The TRO does not restrain the PWCP in any
4  way.  Such restraint is necessary to invoke the Act's provisions,
5  namely: the PWCP must be a party against whom "relief is sought"
6  and be a party "enjoined" by the restraining order.  29 U.S.C. §§
7  107, 113.  Neither is true here.  Rather, the TRO is not directed
8  at the PWCP but only the County of Sacramento and any other
9  related entity or person authorized by statute to release the
10 subject records.  It is those entities or persons that are
11 *restrained* by the order from releasing the information.
12 Significantly, the County did not object to imposition of the TRO
13 nor the entry of the order without requirement of a bond.
14 Because the PWCP is not restrained by the order, in that no
15 relief is sought against it, it lacks standing to challenge the
16 order under the Act.
17      For these reasons, the court DENIES the PWCP's motion for
18 reconsideration.  The TRO, filed November 22, 2005 and extended
19 by the parties' stipulation of December 2, 2005, shall remain in
20 effect as ordered; Helix is not required to post a bond.
21      IT IS SO ORDERED.
22  DATED: December 12, 2005

                                /s/ Frank C. Damrell Jr.
                                FRANK C. DAMRELL, Jr.
                                UNITED STATES DISTRICT JUDGE

3